UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THOMAS PLUNKETT,

    Petitioner,

v.

DOUGLAS VASBINDER,

    Respondent,

_____/

Civil No. 04-75073-DT
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER OF SUMMARY DISMISSAL

Michael Thomas Plunkett, ("petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b; and aggravated assault, M.C.L.A. 750.81a. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above charges in the Monroe County Circuit Court and was sentenced on October 11, 1994. Petitioner's direct appeals with the

1

Michigan courts ended on December 30, 1997, when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Plunkett,* 456 Mich. 917; 572 N.W. 2d 660 (1997).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the trial court on April 22, 2004. The motion for relief from judgment was denied by the trial court on April 30, 2004. *People v. Plunkett,* 93-025735-FC (Monroe County Circuit Court, April 30, 2004). Petitioner never appealed the denial of this motion to the Michigan Court of Appeals.[1] The instant petition was signed and dated December 13, 2004.[2]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies

---

[1] *See* Affidavit of Sandra Shultz Mengel, Chief Clerk of the Michigan Court of Appeals, dated June 29, 2005 [This Court's Docket Entry # 7].

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on December 13, 2004, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003); *Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner's application for leave to appeal on December 30, 1997. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking

certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on March 30, 1998, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich.1998). Absent state collateral review, petitioner would have been required to file his habeas petition with this Court no later than March 30, 1999 in order for the petition to be timely filed.

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on April 22, 2004, after the one year limitations period had already expired. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). However, by the time that petitioner had filed this post-conviction motion, the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Smith v. Stegall,* 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.* Additionally, petitioner did not have one year following the denial of his post-conviction motion for relief from judgment to file his petition with the Court, as he suggests in his response to the motion for summary judgment,

4

because the AEDPA's one year limitations period begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not on the date which a habeas petitioner has exhausted all of his state post-conviction remedies. *Payton v. Brigano,* 256 F. 3d 405, 408 (6th Cir. 2001). Because the one year limitations period had already expired prior to the filing of the post-conviction motion for relief from judgment, the filing of this motion did not toll any limitations period.

In his response to the motion for summary judgment, petitioner first argues that his habeas petition is timely, because there is no time limit under the Michigan Court Rules for filing a post-conviction motion for relief from judgment with a trial court in Michigan pursuant to M.C.R. 6.500, *et. seq.* This Court cannot accept petitioner's argument. The fact that the Michigan Court Rules permit the filing of post-conviction relief motions at any time does not alter the one-year limitations period under the AEDPA for filing a federal habeas petition. *See Brown v. Langley,* 348 F. Supp. 2d 533, 535-36 (M.D.N.C. 2004). The Tenth Circuit has recognized that, "[a]s a federal statute that interacts with state procedural rules, § 2244(d) will sometimes force a state prisoner to act expeditiously to preserve his federal claims despite the procedural lenience of state law, which may forgive substantial delay. This is especially true in a case, such as this, where the State provides no time limit for filing an initial habeas petition in the district courts." *Burger v. Scott,* 317 F. 3d 1133, 1138 (10th Cir. 2003). Thus, although petitioner's state post-conviction motion may have been timely under Michigan law, it would not toll the limitations period for

5

filing a federal habeas petition, where the one year limitations period had already expired. *See Curtiss v. Mount Pleasant Correctional Facility,* 338 F. 3d 851, 853-55 (8th Cir. 2003).

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). However, the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner first appears to argue that any untimely filing should be excused, because he was forced to represent himself *pro se* in his state post-conviction proceedings. The fact that petitioner was proceeding *pro se* is not a "rare and exceptional" circumstance that would justify the equitable tolling of the limitation period, because it is typical of those inmates bringing a § 2254 petition. *See Felder v. Johnson,* 204 F. 3d 168, 171 (5th Cir. 2000). Therefore, the fact that petitioner did not have professional legal assistance to help him with the preparation of his habeas petition or his state post-conviction motion is not an extraordinary circumstance

6

which would toll the statute of limitations. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002).

Secondly, the limitations period would not be equitably tolled because petitioner may have been unaware of the AEDPA's one year limitations period, as he appears to argue. Equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of petitioner's alleged lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen v. Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004). In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.*

To the extent that petitioner appears to have believed that he had one year from the conclusion of his post-conviction proceedings in the state courts to timely file his petition with the federal court, he would not be entitled to equitable tolling on this basis. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). "[A] habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling." *Id.* (Citing *Pearson v. North Carolina,* 130 F. Supp. 2d 742, 744 (W.D.N.C. 2001)). Any miscalculation by Petitioner "[o]f the plain language contained in § 2244(d)(2) would not constitute an extraordinary circumstance sufficient to warrant equitable tolling of

7

the statute of limitations." *Id. a*t 861.

Petitioner, however, contends that he should be entitled to equitable tolling because his appellate attorney on his direct appeal in the state courts never informed him about the time limits for filing a petition for writ of habeas corpus. An attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *Elliott v. Dewitt,* 10 Fed. Appx. 311, 313 (6th Cir. 2001). Appellate counsel's alleged failure to inform petitioner, at the conclusion of his direct appeals in the Michigan courts, of the AEDPA's one-year time limitation period is not an extraordinary circumstance which would justify the equitable tolling of the limitations period. *See Bryant v. State of Idaho,* 79 Fed. Appx. 257, 258 (9th Cir. 2003); *Alexander v. Watkins,* 49 Fed. Appx. 770, 771-72 (10th Cir. 2002); *Cf. Allen v. Yukins,* 366 F. 3d at 403-04 (attorney's lack of knowledge of the AEDPA's statute of limitations did not equitably toll limitation period). Petitioner is also not entitled to equitable tolling because the state courts failed to advise petitioner of the AEDPA's one year limitations period. *See e.g. Williams v. Sims,* 390 F. 3d 958, 963 (7th Cir. 2004)(habeas petitioner not entitled to equitable tolling because state post-conviction court, where petitioner's post-conviction motion had been pending, failed to warn petitioner that the AEDPA's limitations period was about to expire).

Finally, on the third page of his response to the motion for summary judgment, petitioner claims that he wanted to "have all the relevant facts, knowledge, and tools

8

available to directly challenge his judgment and sentence" and should therefore not be penalized for information that was not otherwise available to him.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. The main problem with invoking § 2244(d)(1)(D) to delay the commencement of the one year limitations period is that petitioner has failed to specify how the factual predicate of his claims could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover the information that he needed to prepare his post-conviction motion. Petitioner does not even indicate when he discovered the information that he claims that he needed to prepare his post-conviction motion, thus preventing this Court from determining when the one year limitations period would commence pursuant to § 2244(d)(1)(D). *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). This Court cannot accept any argument from petitioner that the factual predicate for his claims could not have been discovered sooner because any such argument is simply unsupported and conclusory. *Id.*

### III. Conclusion

The Court will dismiss the current habeas petition as being time-barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas

corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in

determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753. Because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d at 751. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 15, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk